**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | |
|---|---|
| Anthony Johnson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br>-v.-<br><br>Persolve Legal Group, LLP, United Holding Group, LLC and<br><br>John Does 1-25,<br><br>Defendant(s). | C.A. No: 1:21-cv-678<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Anthony Johnson (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Persolve Legal Group, LLP (hereinafter "Defendant Persolve") and Defendant United Holding Group, LLC (hereinafter "Defendant UHG"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Indiana consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Indiana, County of Hamilton, and resides at 13404 All American Road, Fishers, IN 46037.

8. Defendant Persolve is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address of 9301 Corbin Ave, Suite 1600, Northridge, CA 91324-2508.

9. Upon information and belief, Defendant Persolve is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant UHG is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address of 6400 Sheridan Dr., Ste 138, Williamsville, NY 14221-4842.

11. Upon information and belief, Defendant UHG is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

  a. all individuals with addresses in the State of Indiana;

  b. to whom Defendant Persolve sent an initial collection letter attempting to collect a consumer debt;

  c. on behalf of Defendant UHG;

  d. that falsely stated that interest and/or other charges may be accruing on the debt when it was not currently accruing;

  e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

16. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his

counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to April 1, 2020, an obligation was allegedly incurred to Net Credit.

24. The Net Credit obligation arose out of transactions which were primarily for personal, family or household purposes.

25. The alleged Net Credit obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Net Credit is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. Net Credit purportedly sold or transferred the alleged debt to Defendant UHG who contracted with the Defendant Persolve to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 1, 2020 Collection Letter*

29. On or about April 1, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Net Credit. A true and correct copy of the Letter is attached hereto as Exhibit A.

30. The Letter states: "As of the date of this letter, you owe the amount stated above. Because of interest, and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call or write using the information found on the top of this letter."

31. Defendant is aware that during the collection of this debt, the balance will not vary at all and stating that it may increase is merely a deceptive collection tactic intended to intimidate and coerce the consumer into paying immediately.

32. Stating that the account balance may increase due to adjustments is materially misleading to Plaintiff and is a false statement that Defendant knowingly made.

33. In addition, this language is misleading and deceptive because it does not actually state whether the account is accruing interest and costs, and does not itemize those interests and costs.

34. The Plaintiff was easily confused by these misleading statements and was unable to ascertain the exact amount owed on the alleged debt, and if over time the debt would become larger.

35. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

36. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

37. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

38. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

39. Plaintiff would have pursued a different course of action were it not for the statutory violations.

40. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **COUNT I**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated § 1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Anthony Johnson, individually and on behalf of all others similarly situated, demands judgment from Defendant Persolve and Defendant UHG as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/Raphael Deutsch
Raphael Deutsch, Esq.
Stein Saks, PLLC
Attorneys for Plaintiff
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
Attorneys For Plaintiff
Pro Hac Vice Application Pending